IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SALAJO LLC, a Texas limited liability company** | § § § | Civil Action No. 4:14-cv-2331 |
| *Plaintiff*, | § § | **JURY DEMANDED** |
| v. | § § | |
| **SALINAS SALSA, CO. LLC, a Texas Limited liability company** | § § § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Salajo LLC ("Salajo") files its Original Complaint against Salinas Salsa, Co. LLC ("Salinas Salsa"), and for its causes of action would show the Court as follows:

## PARTIES

1. Plaintiff Salajo is a Texas limited liability company, having its principal place of business at 27806 Cenizo Park Court, Katy, Texas 77494-3226.

2. Defendant Salinas Salsa is a Texas limited liability company having its principal place of business at 17315 Buffalo Pass Dr., Houston, TX 77095-4918. Salinas Salsa can be served through its registered agent, United States Corporation Agents, Inc., 990 Spectrum Drive, Austin, TX 78717.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) because this is a case alleging a violation of the federal Lanham Act, 15 U.S.C. §1125.

1

4. This Court has personal jurisdiction over Defendant Salinas Salsa because its principal place of business is within this District and Defendant has regularly transacted business and made substantial sales to customers in this District.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(a), (b), and (c) because Defendant Salinas Salsa resides in this district and a substantial part of the events giving rise to the claim occurred in this district.

## FACTS

6. Salajo LLC is in the business of selling freshly made salsa. Salajo was formed on March 25, 2013 and purchased the domain salinassalsacompany.com the same day. Shortly thereafter, Salajo began preparations to sell its salsa commercially, including obtaining its necessary licensing, filing a d/b/a/ for Salinas Salsa Company, and starting a Salinas Salsa Company Facebook page.

7. On April 28, 2013, Salajo purchased the domain salinassalsaworks.com and created a Salinas Salsa Works Facebook page to promote its salsa. Salajo made its first sale of salsa using the SALINAS SALSA WORKS mark no later than May 6, 2013.

8. Defendant Salinas Salsa Co. was formed on April 29, 2013 and started a SALINAS SALSA CO. Facebook page the same day. On May 9, 2013 it indicated it was taking "baby steps" toward the release of its salsa. On May 16 it posted photos of empty jars with labels on them. On July 2 it promised "salsa is coming." On information and belief, Defendant began selling salsa under the SALINAS SALSA CO. brand sometime after July 2, 2013.

9. Despite beginning its use of SALINAS SALSA as a part of its SALINAS SALSA CO. mark after Plaintiff began using its SALINAS SALSA WORKS trademark, Defendant has in its advertising made claims that it is "the Original" Salinas Salsa. Defendant has filed a trademark

application with the United States Patent and Trademark Office falsely claiming that it has used SALINAS SALSA since January 1, 2011 and that it first used the mark in commerce on April 1, 2013.

10. Defendant's use of SALINAS SALSA CO. is likely to cause consumer confusion and has caused consumer confusion with Plaintiff's SALINAS SALSA WORKS salsa products.

11. Despite Plaintiff Salajo's efforts to reach out to Defendant Salinas Salsa to resolve issues regarding the similarity in their names, Defendant has resisted such efforts. Instead, Defendant had its counsel write a letter to Salajo on April 25, 2014, accusing it of infringing Salinas Salsa's "famous" mark that it claimed to have begun using in 2011 or 2012, among other alleged causes of action.

12. Attempting to resolve the dispute over SALINAS SALSA amicably, Plaintiff requested information from Defendant regarding its alleged use of SALINAS SALSA CO. prior to Plaintiff's use. Defendant produced only a few invoices in which it had purchased empty jars, and nothing demonstrating that it had used the mark SALINAS SALSA with sales of salsa in commerce prior to its first sale of salsa in mid-2013.

13. The parties were scheduled to meet on August 13, 2014 to exchange information regarding their uses of the similar marks, but after hours on August 12, 2014, Salinas Salsa's counsel abruptly cancelled the meeting, claiming that his client had been insulted by things said by Plaintiff's President Ken Salinas regarding Salinas Salsa and indicating that Salinas Salsa "no longer wishes to meet and attempt to work through any issues with Ken Salinas."

## CAUSE OF ACTION I
## VIOLATION OF LANHAM ACT – 15 U.S.C. §1125(a)

14. Plaintiff incorporates paragraphs 1-13 of its Complaint by reference.

15. Salinas Salsa has, in connection with the offering of its products in commerce, used the words SALINAS SALSA on its salsa and to market its salsa, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Salinas Salsa with Salajo and its SALINAS SALSA WORKS salsa, in violation of 15 U.S.C. § 1125(a)(1)(A).

16. Salinas Salsa has, in connection with offering its products in commerce, called itself "the Original" Salinas Salsa in commercial advertising or promotion, misrepresenting the nature and characteristics of its salsa in violation of 15 U.S.C. § 1125(a)(1)(B).

17. Salajo has been damaged and is likely to continue to be damaged by Salinas Salsa's action.

18. Salajo is entitled to recover Salina Salsa's profits, its own damages suffered as a result of Salinas Salsa's actions, the costs of this action, treble damages pursuant to 15 U.S.C. § 1117(a), a preliminary and permanent injunction pursuant to 15 U.S.C. § 1116 against further actions likely to cause consumer confusion or misrepresenting the nature or characteristics of Salinas Salsa's salsa, and, pursuant to 15 U.S.C. § 1118, the destruction of all of Plaintiff's labels, signs, prints, packages, wrappers, receptacles, and advertisements that violate 15 U.S.C. § 1125(a).

19. This is an exceptional case, entitling Salajo to its attorneys' fees pursuant to 15 U.S.C. § 1117(a)(3).

## CAUSE OF ACTION II -- DECLARATORY RELIEF

20. Plaintiff incorporates Paragraphs 1-19 of its Complaint by reference.

21. There is a case or controversy regarding whether Salajo or Salinas Salsa has superior rights to SALINAS SALSA used alone or as part of a larger mark. Pursuant to 28 U.S.C. § 2201, Plaintiff requests a declaration that its rights to SALINAS SALSA are superior to those of Defendant.

## JURY DEMAND

22. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Commission demands trial by jury in this action of all issues so triable.

## RELIEF REQUESTED

Plaintiff prays the Court, after notice and hearing or trial, enters judgment in favor of Plaintiff and awards it the following relief

(1) Damages for lost profits and loss of goodwill,

(2) Lost royalties for the use of his name and image,

(3) Defendant's profits,

(4) Treble damages pursuant to the Lanham Act,

(5) Costs of court,

(6) Attorneys' fees,

(7) A preliminary and permanent injunction against further violations of the Lanham Act,

(8) The destruction of Defendant's packaging and other materials that violate the Lanham Act,

(9) A declaration that Salajo has superior rights to SALINAS SALSA,

(10) Such other and further relief as Defendant may be entitled to in law or in equity.

        Respectfully submitted,

        EWING & JONES, PLLC

        */s/ Keith Jaasma*

        Keith Jaasma
        State Bar No. 00794014
        S.D. Texas No. 20586
        *kjaasma@ewingjones.com*
        6363 Woodway Suite 1000
        Houston, TX  77057
        Tel. (713) 590-9675
        Fax. (713) 590-9602

        ATTORNEY FOR PLAINTIFF,
        SALAJO LLC